JUDGMENT

PER CURIAM.
This appeal was considered upon the briefs and the appendices filed by the parties. See Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is
ORDERED AND ADJUDGED that the order of the district court be affirmed.
The district court correctly concluded Pearson’s testimony before the D.C. Council and private communication with the Council’s staff were not protected by the First Amendment to the Constitution of the United States. See Pearson v. District of Columbia, 644 F.Supp.2d 23, 38 (2009). A “public employee speaks without First Amendment protection when he reports conduct that interferes with his job responsibilities.” Winder v. Erste, 566 F.3d 209, 215 (D.C.Cir.2009). Pearson did just that. As an Administrative Law Judge, he had a responsibility to “[djecide all cases in an impartial manner,” D.C.Code § 2-1831.09(a)(8), and he reported to the Council that the peer review system was interfering with that responsibility, see, e.g., Compl. ¶ 222 (alleging Pearson told Council his “[d]ecisional independence” was “chilled and frustrated by a secret ... ‘peer review system”).
Nor was Pearson’s lawsuit against his dry cleaner protected speech. That suit did not involve a matter of public concern; as the district court stated, it is more properly “characterized as a personal vendetta against a dry cleaners over a pair of pants.” Pearson, 644 F.Supp.2d. at 45.
Pearson’s procedural due process claim fails because he was “afforded adequate process.” Id. at 47. His substantive due process claim fails because the “threshold for [establishing] a substantive due process violation has not been met.” Id. at 49.
Having dismissed Pearson’s federal claims, the district court did not abuse its *35 discretion in declining to exercise supplemental jurisdiction over his claims arising under D.C. law. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Finally, with regard to Pearson’s argument that on remand the district court judge should re-cuse herself or we should reassign the case, it is clear that “one fully apprised of the surrounding circumstances,” Cobell v. Norton, 334 F.3d 1128, 1143 (D.C.Cir.2003), could not reasonably question that judge’s impartiality. See 28 U.S.C. § 455(a).
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.